COWLES v. HART & BRISTOL.

*Indebitatus assumpsit* will not lie for the principal sum actually lent upon an usurious mortgage, which has been adjudged to be void.

ACTION of *indebitatus assumpsit* for money paid and advanced to the defendants. Plea — *Nonassumpsit.* Issue to the jury.

The jury found a special verdict, that on the 27th of December A. D. 1785 the plaintiff at the special instance and request of the defendants, did pay to their use, the sum of £59 18s. 9½d. lawful money; that the defendants were at that time indebted to the plaintiff for goods, etc. sold them; also that they were indebted to Nehemiah Street in like manner; that afterwards, on the same day, the plaintiff, said Street and the defendants accounted together for all said several sums of money, and it was then and there afterwards on the said day, corruptly agreed by and between the plaintiff, said Street and the defendants that the plaintiff and said Street should give the defendants further forbearance for the term of two years, for which the defendants should pay the lawful interest on all said sums; and also a further sum over and above the lawful interest, together with said sum of £59 18s. 9½d. amounting in the whole to £460 lawful money, and that the defendants should secure the same by a mortgage of certain lands, according to said corrupt agreement, and for no other cause, and in pursuance of said corrupt agreement the defendants secured said sum of £460 to be paid by mortgages of certain lands, and describes them; which several deeds have been adjudged to be usurious and void by the Superior Court; and that no part of said £59 18s. 9d. hath ever been paid to the plaintiff, and refer the question of law to the court upon the facts aforesaid.

The court were of opinion — That the law is so upon the facts aforesaid that the defendants did not assume and promise; and gave judgment for the defendants to recover their cost.

The statute makes void all obligations, securities, mortgages, etc. given for more than lawful interest as a penalty

upon the lender, and for the protection of indigent borrowers. If the plaintiff might recover the principal of his debt in this action, after his security is avoided, the design of the statute would be in a measure defeated — the manifest intention of which is not only to make void the security; but the debt also.

